**KENTUCKY BAR ASSOCIATION,** Movant,

v.

**Sharon A. SULLIVAN, Respondent.**

**No. 93–SC–055–KB.**

Supreme Court of Kentucky.

May 27, 1993.

Joe B. Campbell, Campbell, Smith, Kerrick & Grise, Bowling Green, and Barbara Rea, Kentucky Bar Ass'n, Frankfort, for movant.

Sharon A. Sullivan, Fort Mitchell, for respondent.

## ORDER OF RECIPROCAL DISCIPLINE

Upon Motion of the Kentucky Bar Association, pursuant to SCR 3.435, Reciprocal Discipline, an Order was entered by this Court on March 11, 1993, for respondent to show cause why this Court should not impose upon her in this State discipline substantially equivalent to that imposed upon her by the State of Ohio, by Order of the Supreme Court of Ohio, dated December 14, 1992, in Case No. 92–1342. In response to the Show Cause Order of this Court, the respondent has filed a pleading styled "Respondent's Defense To Imposition Of Reciprocal Discipline." This Response includes a request for oral argument.

The facts of this case are covered adequately in *Cincinnati Bar Association v. Sullivan*, 65 Ohio St.3d 293, 603 N.E.2d 983 (1992), which is incorporated herein by reference. Respondent has been found guilty of conduct prejudicial to administration of justice, conduct reflecting adversely on fitness to practice law, handling a legal matter without adequate preparation, neglecting an entrusted legal matter, failure to seek client's lawful objectives, failure to carry out contract of professional employment, causing prejudice to client, and disregarding a Tribunal's ruling. Additionally, she has been found guilty of undignified or discourteous conduct before a Tribunal.

Previously, by Order of this Court entered January 16, 1992, this Court has imposed a public reprimand on the respondent in response to the Kentucky Bar Association's Motion for Reciprocal Discipline for Misconduct in Ohio. *See* 91–SC–696–KB.

The effect of an indefinite suspension by the Ohio Supreme Court is substantially equivalent to a two (2) year suspension imposed by this Court, including the requirements and procedures for reinstatement provided for suspensions in excess of one (1) year as found in SCR 3.510(1) and (2).

After due consideration to the responsive pleading filed by the respondent, this Court denies the Motion for Oral Argument and grants the Kentucky Bar Association's Motion for Reciprocal Discipline.

IT IS THEREFORE ORDERED:

That the respondent, Sharon A. Sullivan, be, and she is hereby suspended from the practice of law in Kentucky for a period of two (2) years, and until such further time as she is reinstated to the practice of law by Order of this Court pursuant to SCR 3.510.

The respondent is directed to pay the costs of this action.

Pursuant to SCR 3.390, the respondent shall, within ten (10) days from the date of the entry of this Order, notify all clients in writing of her inability to represent them and to furnish photostatic copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur except WINTERSHEIMER, J., not sitting.

ENTERED: May 27, 1993.

/s/ Robert F. Stephens
CHIEF JUSTICE