**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Charlotte Lewis Bryant McCHORD,**
Respondent.

**No. 96–SC–386–KB.**

Supreme Court of Kentucky.

Oct. 24, 1996.

## OPINION AND ORDER

On November 16, 1995, the Connecticut Statewide Grievance Committee, the entity charged with oversight of lawyer discipline matters in that state, adopted a decision proposed by a reviewing committee in Grievance Complaint No. 94–0501 to reprimand the Respondent. The reviewing committee recommended the reprimand after holding a hearing at which Respondent appeared. The reviewing committee found by clear and convincing evidence that during Respondent's representation of a client in a workers' compensation matter, the client's son contacted Respondent on numerous occasions regarding the status of the case which commenced approximately one year after the client's initial consultation with Respondent. Despite representations by Respondent that the case was in progress, the client's case did not advance. Eventually, the client hired new counsel and Respondent admitted that the client's file was lost. The reviewing committee further determined that the Respondent did not diligently advance the client's case. Ultimately, the committee found that Respondent breached Rule 1.3 applicable to Connecticut attorneys, which is identical to Kentucky's SCR 3.130–1.3, and provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

The Connecticut Statewide Grievance Committee is empowered under Connecticut Practice Book § 27J(i) to act upon the proposed decision of the reviewing committee by imposing sanctions authorized by Connecticut Practice Book § 27 M.1. Section 27 M.1. specifically authorizes imposition of a reprimand and pursuant to § 27J(i), all discipline imposed under § 27 M.1 shall be public record. Thus, the reprimand imposed by the Connecticut Statewide Grievance Committee is equivalent to a public reprimand in Kentucky.

Pursuant to SCR 3.435, Respondent is subject to reciprocal discipline in Kentucky absent a showing within twenty (20) days from notice of the action that the imposition of identical discipline is unwarranted. Following the dictates of SCR 3.435, we gave the Respondent notice of the Kentucky Bar Association's motion for reciprocal discipline on June 24, 1996. Because more than thirty (30) days has now expired and Respondent has failed to respond to this Court, we adopt the decision of the Connecticut Statewide Grievance Committee. Accordingly Charlotte Lewis Bryant McChord is hereby publicly reprimanded for her misconduct as set forth above.

All concur.

ENTERED: October 24, 1996.

/s/ Robert F. Stephens
Chief Justice