**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Sharon A. SULLIVAN, Respondent.**

**No. 95–SC–508–KB.**

Supreme Court of Kentucky.

Nov. 19, 1998.

## OPINION AND ORDER

This disciplinary proceeding arises from the permanent disbarment of Respondent, Sharon A. Sullivan, from the Ohio Bar by the Supreme Court of Ohio. *Cincinnati Bar Ass'n v. Sullivan,* 71 Ohio St.3d 647, 646 N.E.2d 1105 (Ohio 1995). The Kentucky Bar Association seeks to impose reciprocal discipline pursuant to SCR 3.435.

As set forth in the findings of the Ohio Court, the facts giving rise to this action are as follows: Respondent agreed to represent Raymond Yeager in a divorce and custody dispute in mid–1992. She accepted a retainer and agreed to file certain motions and take other steps to resolve the litigation. Though aware of a hearing set in December of 1992 to finalize the divorce, Respondent did not appear and did not inform her client whether he should appear. The final divorce and custody decree was entered later in December. Yeager subsequently asked Respondent to refund his money and return his file. Respondent did neither.

Yeager filed a complaint with the Ohio Bar, which resulted in a charge against Respondent of neglecting a legal matter entrusted to her. Ohio Disciplinary Rule 6–101(A)(3). As noted above, Respondent was permanently disbarred due to her prior history of professional misconduct.

The Kentucky Bar Association then filed the instant action, seeking the imposition of reciprocal discipline. After numerous delays, including a remand for an evidentiary hearing, Respondent moved to terminate the disciplinary proceeding and requested a one-year suspension. In response, the Bar concurred in the motion, agreeing that the charges in this case were quite similar to those found in *Kentucky Bar Ass'n v. Harris,* Ky., 875 S.W.2d 97 (1994). Having reviewed the record before us, we accept the reasoning of the Bar and find that the violation is one for which a one-year suspension is appropriate.

Respondent also asks that this suspension be ordered to run concurrently with the penalties imposed in her other disciplinary proceedings in this state. This we will not do. Respondent previously has been publicly reprimanded pursuant to SCR 3.435 by order of this Court entered January 16, 1992, *Kentucky Bar Ass'n v. Sullivan,* Ky., 821 S.W.2d 95 (1992), and was suspended for two years pursuant to 3.435 by order of this Court entered May 27, 1993, *Kentucky Bar Ass'n v. Sullivan,* Ky., 854 S.W.2d 775 (1993). She has not sought reinstatement from the two-year suspension. Were we to run the instant suspension concurrently with Respondent's earlier punishment, we would be denigrating the seriousness of her conduct. Therefore, the one-year suspension ordered herein shall begin to run from the date of entry of this order.

It is further ordered that:

1. Sullivan shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating her membership in the Kentucky Bar Association.

2. Any application for reinstatement shall be governed by SCR 3.510, the rule providing for reinstatement in case of suspension for more than 180 days, or any subsequent amendment or successor to that rule in effect at the time of the application for reinstatement.

3. Pursuant to SCR 3.390, Sullivan is hereby ordered to provide notice to any clients she is currently representing of her

inability to provide further legal services, to notify all courts in which she has matters pending of her suspension, and to provide the Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that she has no active clients, whichever is applicable.

4. In accordance with SCR 3.450 and SCR 3.480(3), Sullivan is hereby directed to pay the costs of this action, said sum being $549 .25, and for which execution may issue from this Court upon finality of this opinion and order.

LAMBERT, C.J.; and COOPER, GRAVES, JOHNSTONE, STEPHENS, and STUMBO, JJ., concur.

WINTERSHEIMER, J., not sitting.

ENTERED: November 19, 1998.

/s/ *Joseph E. Lambert*
Chief Justice.