**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Baruch David FISH, Respondent.**

**No. 99–SC–0689–KB.**

Supreme Court of Kentucky.

Oct. 21, 1999.

**OPINION AND ORDER**

The respondent, Baruch David Fish, was publicly disciplined in Ohio for charging a clearly excessive fee. *Office of Disciplinary Counsel v. Fish,* 85 Ohio St.3d 168, 707 N.E.2d 851 (1999). Upon motion by the Kentucky Bar Association, this Court issued a show cause order to show cause, if any, why identical discipline pursuant to SCR 3.435(b) should not be imposed. In response to the order, Fish argues that a private rather than public reprimand should be imposed.

SCR 3.435(4) states in pertinent part:

[T]his Court shall impose the identical discipline unless Respondent proves by substantial evidence:

(a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or

(b) that misconduct established warrants substantially different discipline in this State.

■ Fish's argument concerns an interpretation of the language "identical discipline."

Fish argues that a *public reprimand* was the minimum sanction that could be imposed in Ohio. Next, he points out that in Kentucky, a *private reprimand* is the minimum sanction that could be imposed. Thus, he argues that, in his case, identical punishment means the minimum possible punishment as opposed to the same equivalent punishment.

■ While creative, this argument does not withstand scrutiny. Identical discipline clearly refers to the punishment meted out and not to the level of possible punishment. Moreover, SCR 3.435(4)(b) gives this Court sufficient discretion to impose a lesser degree of discipline when and where appropriate. Finally, in *Kentucky Bar Association v. McChord*, Ky., 931 S.W.2d 155 (1996), we concluded that a public reprimand in Kentucky was equivalent discipline to a public reprimand in Connecticut, where all discipline imposed under the applicable section of the Connecticut Practice Book was to be made public record.

The Ohio reprimand states that Fish was guilty of negligently charging excessive fees and breaching his contract with his client, Jeanne Marie Gieski. Gieski retained Fish to defend her interests in a partition action arising out of a family dispute. They entered into a written fee agreement that provided that Fish was to be paid $150 an hour, a reasonable rate for an attorney with Fish's experience in the Cincinnati area. Throughout the two years that Fish worked for Gieski, he maintained time records and sent her monthly statements. In sum, the time sheets showed that Fish worked 211 hours for Gieski for a total of $31,650 in fees paid by Gieski.

Gieski disputed the reasonableness of Fish's fees. The dispute ended when Gieski obtained a judgment in the amount of $10,978.43 against Fish for negligently charging excessive fees and breaching his contract with her.

Subsequently, a disciplinary charge arising out of his representation of Gieski was instituted against Fish. He was ultimately found guilty and publicly reprimanded. However, in so finding, mitigation was found in that Gieski was a difficult client who wanted Fish to "fight, fight, fight" in a bitter family feud. The Ohio order of public reprimand states that Fish was found guilty of violating DR 2–106(A), which provides that an attorney shall not charge a clearly excessive fee.

The KBA points out that the conduct proscribed in the above Ohio disciplinary rule is also proscribed by SCR 3.130–1.5(a), which provides that a lawyer's fee shall be reasonable. Accordingly, Baruch David Fish is hereby publicly reprimanded for his misconduct as set forth above.

All concur.

Entered: October 21, 1999.

/s/ Joseph E. Lambert
Chief Justice