TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000645-KB

KENTUCKY BAR ASSOCIATION                                   MOVANT

V.                          IN SUPREME COURT

KARL NELSON TRUMAN                                    RESPONDENT
KBA MEMBER NO. 84627

## OPINION AND ORDER

Respondent, Karl Nelson Truman, was admitted to the practice of law in the Commonwealth of Kentucky on March 4, 1993. His bar roster address is 420 Wall Street, Jeffersonville, Indiana 47130, and his member number is 84627. Respondent is also licensed to practice law in Indiana. Recently, the Indiana Supreme Court publicly reprimanded Respondent for committing professional misconduct. Accordingly, this Court must determine whether to impose identical reciprocal discipline upon Respondent pursuant to Supreme Court Rule ("SCR") 3.435.

The misconduct at issue in this disciplinary action arises from an employment contract Respondent required his new associate attorney to sign as a condition of his hiring. The contract included a "Separation Agreement" (the "Agreement"), which specified that in the event the employment relationship ended, the associate was prohibited from contacting, notifying, or

soliciting the clients he obtained while working at Respondent's law firm. Only Respondent had the luxury of notifying the clients of the associate's departure. The Agreement further included a fee arrangement which highly deterred the associate from continuing to represent those clients.

In 2012, the associate resigned from Respondent's law firm, but continued practicing law in Indiana. At the time of his resignation, the associate was representing more than a dozen clients. Per the Agreement, Respondent sent letters to these clients informing them that the associate was no longer an attorney with the law firm. The letters stated that Respondent would continue working on their cases in order to obtain the best possible resolutions. The letter did not explain that the associate could continue representing the clients if they so desired, nor did it provide the clients with the associate's contact information. The associate, on the other hand, sent notices to the clients explaining that he was leaving Respondent's law firm and that they could choose to be represented by either him or Respondent. After learning that the associate sent letters to the clients in violation of the Agreement, Respondent filed suit against the associate in the Clark Circuit Court. The parties ultimately mediated the matter and reached a settlement.

The associate subsequently filed a complaint with the Indiana Supreme Court Disciplinary Commission. In reaching a consensual resolution, Respondent admitted to the above-referenced conduct. Consequently, the Indiana Supreme Court found that Respondent not only failed to sufficiently inform his clients of the situation, but also made "an employment agreement

2

that restricted the rights of a lawyer to practice after termination of the employment relationship." Therefore, Respondent was found guilty of violating the following Indiana Professional Conduct Rules ("IPCR"): 1.4(b) ("A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation") and 5.6(a) ("A lawyer shall not participate in offering or making . . . [an employment] agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement"). Due to Respondent's lack of disciplinary history, along with his cooperation with the investigation, suspension from the practice of law was not ordered. Instead, the Indiana Supreme Court publicly reprimanded Respondent on April 29, 2014.

At the request of the Kentucky Bar Association ("KBA"), through the Office of Bar Counsel, this Court issued an order requiring Respondent to show cause, if any, why identical reciprocal discipline against him should not be imposed. Respondent filed his response to the Show Cause Order on January 29, 2015. Respondent does not dispute the need for reciprocal discipline, but he requests that we lessen the punishment to a private rather than public reprimand.

SCR 3.435(4)(a)-(b) provides that when an attorney is disciplined in another jurisdiction for professional misconduct, this Court shall impose identical discipline unless one of the following is proven by substantial evidence: (1) a lack of jurisdiction in the out-of-state disciplinary proceedings;

3

(2) fraud in the out-of-state disciplinary proceedings; or (3) the misconduct warrants substantially different discipline in the Commonwealth. In support of Respondent's request for a private reprimand, he maintains that his misconduct warrants different discipline in the Commonwealth.

As the rule suggests, "[t]his Court is not bound by the disciplinary penalties imposed . . . in a foreign jurisdiction for the same conduct for which [one] is to answer in Kentucky." *Kentucky Bar Ass'n v. Shane,* 553 S.W.2d 467 (Ky. 1977). However, SCR 3.435(4)(b) only gives the Court discretion to impose a lesser degree of discipline "when and where appropriate." *Kentucky Bar Ass'n v. Fish,* 2 S.W.3d 786, 787 (Ky. 1999). For example, the imposition of substantially different discipline may be appropriate in situations where the discipline is based on a violation of a foreign jurisdiction rule of professional conduct which has no corresponding rule in the Commonwealth. Such is not the case here as IPCR 1.4(b) is identical to the corresponding Kentucky rule, SCR 3.130-1.4(b), and IPCR 5.6(a) is also identical to its Kentucky counterpart, SCR 3.130-5.6(a).

Different discipline is also warranted when the imposition of identical reciprocal discipline would prove to be inconsistent with our case law. For example, in *Kentucky Bar Ass'n v. Sullivan,* 979 S.W.2d 104 (Ky. 1998), we concluded that permanent disbarment, which the Ohio Supreme Court imposed, was too harsh of a punishment in light of our imposition of a one-year suspension for almost identical misconduct in another recent Kentucky case. Our holding in *Sullivan* makes clear that a different punishment is

4

warranted when the foreign discipline is *significantly* inconsistent with discipline this Court has imposed in other cases for similar misconduct. This is the line of reasoning Respondent uses to support his position. However, Respondent has only provided us with one case to demonstrate the inconsistencies in imposing a public reprimand. The case Respondent points us to is *Kentucky Bar A'ssn v. Unnamed Attorney,* 205 S.W.3d 204 (Ky. 2006). In this case, the Court imposed a private reprimand for the attorney's failure to notify his clients of his departure from a law firm. *Id.* at 210. *Unnamed Attorney* is similar to the case before us in that such conduct constituted a failure to keep the client reasonably informed in violation of SCR 3.130-1.4(b). Yet, unlike Respondent, the attorney was not disciplined for implementing an employment agreement in violation of SCR 3.130-5.6(a).

Furthermore, we have found ample examples of this Court imposing penalties far more severe than a private reprimand for similar misconduct— that is, a violation of SCR 3.130-1.4(b) coupled with another violation of the Rules of Professional Conduct. *See, e.g., Kentucky Bar Ass'n v. Whitlock,* 275 S.W.3d 179 (Ky. 2008) (attorney was suspended for thirty days for failing to notify her clients that she was leaving her employer law firm, in addition to committing other related misconduct); *Aulenbach v. Kentucky Bar Ass'n,* 151 S.W.3d 330 (Ky. 2004) (attorney was publicly reprimanded for failing to inform the client of the status of her representation). For that reason, we do not believe that a public reprimand is inconsistent, let alone significantly inconsistent, with discipline this Court has previously imposed for violations of

5

SCR 3.130-1.4(b) and SCR 3.130-5.6(a). Therefore, the KBA's motion to impose reciprocal discipline in the form of a public reprimand is granted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Karl Nelson Truman, KBA member number 84627, is hereby publicly reprimanded.

2. In accordance with SCR 3.450, Respondent shall pay all costs associated with these disciplinary proceedings against him and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE