**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Philip J. MARSICK, Respondent.**

**No. 99–SC–94–KB.**

Supreme Court of Kentucky.

March 25, 1999.

Reid Allen Glass, Kentucky Bar Association, Frankfort, for complainant.

Philip J. Marsick, Cincinnati, for respondent.

## ORDER IMPOSING RECIPROCAL DISCIPLINE

LAMBERT, Chief Justice.

On April 29, 1998, the Supreme Court of Ohio suspended Respondent, Philip J. Marsick, of Cincinnati, Ohio, from the practice of law in that state for a period of six (6) months. That suspension was based upon his abuse of the discovery process in violation of several Ohio disciplinary rules. Pursuant to SCR 3.435(2), the Kentucky Bar Association has moved for entry of an order directing Respondent to show cause, if any he has, why reciprocal discipline should not be imposed upon him in this state. Upon receipt of the motion, before entry of a show-cause order, Respondent filed a pleading admitting the fact of the disciplinary proceeding in Ohio, stating that he had ceased practice in Kentucky as of the time of the imposition of the Ohio discipline, and requesting that discipline in this state run concurrently with the Ohio suspension. He further notes that he was reinstated to the practice of law in Ohio on January 12, 1999, his suspension having run its course.

Upon review of the pleadings and facts set forth herein, it is clear Respondent has shown no reason why imposition of substantially equivalent discipline should not be imposed and, therefore, it is hereby ordered that Respondent is suspended from the practice of law in the Commonwealth of Kentucky for a period of one hundred eighty (180) days. As to Respondent's request that said suspension be run concurrently with the already-served suspension in Ohio, we believe doing so would unduly depreciate the significance of our own disciplinary actions. Had Respondent advised the Bar of his Ohio suspension in a timely fashion, as required by SCR 3.435(1), and sought concurrent suspension at that time, perhaps this Court would have granted the motion; but at this late date, the Ohio suspension having already

been served, to retroactively order concurrent suspension would result in virtually no penalty at all for Respondent's violation of the rules of this Court. We therefore decline to run the suspensions concurrently.

For the reasons set forth above, it is hereby ordered as follows:

1. Respondent, Philip J. Marsick, is suspended from the practice of law in the Commonwealth of Kentucky for one hundred eighty (180) days from the date of entry of this Order.

2. Pursuant to SCR 3.510(2), Respondent's one hundred eighty (180) day suspension shall expire by its own terms upon the filing with the Clerk and Bar Counsel of an affidavit of compliance with the terms of the suspension, unless Bar Counsel files an opposition to the termination of suspension with the Inquiry Commission pursuant to SCR 3.510(2).

3. In accordance with SCR 3.390, Respondent shall, within ten (10) days of the entry of this Order, notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

LAMBERT, C.J.; and COOPER, GRAVES, JOHNSTONE, STEPHENS, and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in result only.

ENTERED: March 25, 1999.

/s/ Joseph E. Lambert
Chief Justice