**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Robert N. TRAINOR, KBA Member
No. 71335, Respondent.**

**No. 2003–SC–06684–KB.**

Supreme Court of Kentucky.

Oct. 21, 2004.

Jay R. Garrett, Deputy Bar Counsel, Frankfort, Counsel for Movant.

Robert N. Trainor, Covington, for Respondent.

### ORDER OF RECIPROCAL DISCIPLINE

The Kentucky Bar Association has filed a renewed petition for reciprocal discipline against Robert N. Trainor, of Covington, Kentucky. Trainor has filed a response stating that he has no objection to the relief requested.

In 2002, Trainor was charged with professional misconduct by the Cincinnati Bar Association under the provisions of the Ohio Supreme Court Rules for violations of disciplinary rule 9–102(A), failing to preserve the identity of client funds, and (B), failing to maintain complete records of and appropriately account for client funds.

Trainor, who was admitted to practice in Kentucky in 1976, agreed to represent a client in 1996 in a personal injury action arising from four automobile accidents. Trainor negotiated a settlement for all of the claims for a total of $50,000. He deposited the settlement proceeds, which he received in installments of $25,000, $17,500 and $7,500, in a client trust account. He provided his client with an accurate accounting of receipts and disbursements for the first $25,000, but as he received the remaining amounts and paid additional litigation and medical expenses, he did not similarly account for the rest of the funds before his client disputed various payments. Trainor attempted to remedy this situation and reconcile his records, but in the process, he realized that he had actually overpaid his client. An investigator with the disciplinary counsel's office of the Cincinnati Bar Association confirmed that Trainor had paid his client, or on the client's account, $12,737 in excess of the proceeds to which she was entitled. However, the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio determined that Trainor had failed to properly account for and preserve the identity of his client's funds in violation of DR 9–102(A) and (B). The conduct involved is also subject to discipline by the Supreme Court Rules of Kentucky, 3.130–1.15(b).

The Supreme Court of Ohio, in an order entered on July 23, 2003, found that Trai-

nor had violated the disciplinary rules and suspended him for six months with the suspension to be stayed on the condition that he 1) provide the Disciplinary Counsel's investigator an accounting, prepared by a Certified Public Accountant, of all funds held in his IOLTA account and 2) provide periodic additional accountings as required by the investigator, with the investigator to preserve client confidentiality. If Trainor violated any of these conditions, the stay was to be lifted and he was to serve the full term of suspension.

The Kentucky Bar Association petitioned this Court for reciprocal discipline pursuant to SCR 3.435. Trainor in his response to the original KBA petition stated that he simply overpaid, out of an escrow account, an individual and covered the amounts out of personal funds, and due to certain difficulties with his partnership account, he was unable to provide a complete accounting, but that no individual lost any funds as a result.

On December 18, 2003, this Court entered an order to abate the petition for reciprocal discipline because a disciplinary action was still pending in Ohio and had been stayed by an order of the Ohio Supreme Court pending the satisfactory completion of the conditions imposed by that Court. In regard to reciprocal discipline, SCR 3.435(3) provides that in the event discipline has been stayed in another state any discipline imposed in this state shall be deferred until such stay expires.

On January 29, 2004, the Clerk of the Supreme Court of Ohio was advised that Trainor had complied with the conditions of the order of that Court and that the stay had thus expired. Consequently, the six month suspension would not be served.

Pursuant to SCR 3.435, the Kentucky Bar Association renewed its petition for reciprocal discipline, but requested that the Kentucky discipline run concurrently with and carry the same conditions as already had been served by Trainor pursuant to the order of the Supreme Court of Ohio. Trainor filed a response stating he has no objection to the relief requested.

Pursuant to the motion of the Kentucky Bar Association for the imposition of concurrent reciprocal discipline, and because there is no objection by Trainor, we grant the motion and it is hereby ORDERED as follows:

1) Robert N. Trainor is hereby retroactively suspended from the practice of law effective July 23, 2003 for a period of six months. His suspension is to run concurrently with and carry the same conditions as the six month probated sentence entered by the Ohio Supreme Court.

2) Trainor is directed to pay all costs associated with these disciplinary proceedings against him. In view of the fact that the original Ohio order imposing a probated suspension has been fulfilled and has expired, it is not necessary for Trainor to comply with SCR 3.390 regarding notice.

All concur.

Entered: October 21, 2004.

/s/ Joseph E. Lanbert
Chief Justice