**KENTUCKY BAR ASSOCIATION,
Movant,**

**v.**

**Kenneth J. WHITEHEAD, Respondent.**

**No. 2009–SC–000541–KB.**

Supreme Court of Kentucky.

Jan. 21, 2010.

### *OPINION AND ORDER*

On August 31, 2009, the Kentucky Bar Association (KBA) moved this Court to enter an order directing Kenneth J. Whitehead, whose KBA member number is 76425, to show cause why he should not be subject to reciprocal discipline after being suspended from the practice of law for four years by the Supreme Court of Arizona. The KBA also requested that if such cause be lacking, this Court enter an order in accordance with SCR 3.435(4) suspending Whitehead from the practice of law in this Commonwealth for four years, requiring him to pay restitution to his clients, and permitting him to be readmitted in this Commonwealth only under certain conditions per SCR 2.042. On October 29, 2009, this Court granted the KBA's request, ordered Whitehead to show cause why he should not be subject to reciprocal discipline, and noted that the reciprocal discipline would be imposed on Whitehead

if he failed to respond within twenty days of receipt of the show cause order. Having received no response from Whitehead, this Court now grants the KBA's motion and recommended disciplinary sanction.

Whitehead was admitted to practice law in this Commonwealth on November 7, 1984. On February 11, 2005, the Supreme Court of Arizona suspended Whitehead from the practice of law for four years and conditioned his reinstatement upon the payment of $112,464.80 in restitution to his former clients. The Arizona Court also ordered that Whitehead be placed on probation for two years following his reinstatement. Whitehead's suspension was based on numerous ethical violations following the negligent closure of his law firm.

In the fall of 2002, after Whitehead's law firm, Whitehead and Associates, had been operating for approximately two years and had retained between 400 and 500 clients, the law firm began losing money. On September 2, 2002, Whitehead agreed to close his law firm, reached a settlement with the Arizona State Bar regarding the termination of his practice, and was suspended from the practice of law in Arizona for nine months due to his failure to provide an accounting of some clients' records and to return unearned fees. One of Whitehead's associates, Michael Schloss, agreed to establish his own law office, retain most of the firm's attorneys and staff, and continue to represent some of the clients. In early October 2002, Whitehead sent letters to his clients informing them of the firm's closure, and the law firm effectively closed on November 1, 2002.

Although some of Whitehead's clients agreed to maintain representation at Schloss's new firm, many simply requested an accounting of their records and a refund for any portion of an unearned fee.[1] Whitehead complied with some of these requests and provided the appropriate refund, but did not have the financial resources to return the unearned fee to all of his clients. Thereafter, on September 30, 2003, the Arizona State Bar filed a complaint against Whitehead. On June 4, 2004, Whitehead and the Arizona Bar filed with a Hearing Officer of the Supreme Court of Arizona an agreement for discipline by consent and a joint memorandum in support of the agreement for discipline by consent. On August 19, 2004, the Hearing Officer filed his report with the Disciplinary Commission of the Supreme Court of Arizona.

In his report, the Hearing Officer found that Whitehead had failed to provide accountings and refund unearned fees to numerous clients and failed to respond to several bar complaints and screening investigations. This misconduct resulted in Whitehead being adjudged guilty of one violation of Rule 42, Ariz. R.S.Ct., ER 1.3 (failing to act with reasonable diligence); one violation of Rule 42, Ariz. R.S.Ct., ER 1.4 (failing to communicate with the client); four violations of Rule 42, Ariz. R.S.Ct., ER 1.5 (charging an excessive fee); thirty-two violations of Rule 42, Ariz. R.S.Ct., ER 1.15(b) (failing to deliver funds of a client); thirty-two violations of Rule, Ariz. R.S.Ct.; ER 1.16(d) (failing to take steps to protect a client's interests upon the termination of representation), thirty-one violations of Rule 42, Ariz. R.S.Ct., ER 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary commission); thirty-one violations of Rule 42,

1. Most of Whitehead's clients paid an advanced, flat fee for Whitehead's representation.

Ariz. R.S.Ct., ER 51(h) (failing to furnish information or respond promptly to an inquiry or request from bar counsel, hearing officer, board, commission, or this court); thirty-one violations of Rule 42, Ariz. R.S.Ct., ER 51(i) (evading service or any other refusal to cooperate with officials and staff of the state bar); one violation of Rule 42, Ariz. R.S.Ct., ER 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and two violations of Rule 42, Ariz. R.S.Ct., ER 8.4(d) (engaging in conduct that is prejudicial to the administration of justice).[2] The Hearing Officer also determined that of the forty-five clients involved in the disciplinary action, twenty-eight of them were entitled to restitution by Whitehead, which totaled $112,464.80.

In deciding what disciplinary sanction to recommend, the Hearing Officer discussed the aggravating and mitigating factors in this case. Regarding aggravators, he noted that Whitehead's only prior discipline was his nine-month suspension in September 2002, which was based on similar misconduct involving the negligent closure of his law firm. The Hearing Officer also acknowledged that Whitehead had engaged in multiple offenses and a pattern of misconduct. However, in recognizing the mitigating factors, the Hearing Officer stated that Whitehead had participated meaningfully in the formal proceedings, had cooperated with the state bar in obtaining access to his clients' records, and despite his failure to act diligently in closing his firm, had not acted dishonestly or with a selfish motive. Thus, the Hearing Officer recommended that the Disciplinary Commission of the Arizona Supreme Court adopt the Agreement for Discipline by Consent, which stated that Whitehead be suspended from the practice of law for four years beginning upon the final order issued in this matter; be required to pay restitution to his clients totaling $112,464.80; and upon any reinstatement to the practice of law, be placed on an additional probation for two years.

On November 15, 2004, the Disciplinary Commission of the Supreme Court of Arizona filed its report in this matter, in which the Commission unanimously recommended adopting and incorporating by reference the Hearing Officer's finding of facts, conclusions of law, and disciplinary recommendation. On February 11, 2005, the Supreme Court of Arizona suspended Whitehead for four years due to his professional misconduct and ethical violations as set forth in the Disciplinary Commission's Report.

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to

> impose the identical discipline unless Respondent proves by substantial evidence:
>
>> (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or
>>
>> (b) that misconduct established warrants substantially different discipline in this State.

As noted previously, Whitehead, by not responding to this Court's show cause order, has failed to demonstrate why this Court should not impose the identical discipline he received in Arizona. Furthermore, SCR 3.435(5) requires this Court to recognize that a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for pur-

---

**2.** The Hearing Officer determined that in two of the forty-seven violations charged, the state bar had failed to prove by clear and convinc- ing evidence that Whitehead had committed an ethical violation.

poses of a disciplinary proceeding in Kentucky.

Here, most of the rules Whitehead violated in Arizona are identical to the corresponding Rules of Professional Conduct in Kentucky. Rule 42, Ariz. R.S.Ct., ER 1.3, 1.4, 1.5, 1.15(b), 1.16(d), 8.1(b) and 8.4(c) are identical to SCR 3.130–1.3, 1.4. 1.5, 1.15(b), 1.16(d), 8.1(b), and 8.4(c) respectively.[3] Although Kentucky does not have a rule exactly like Rule 42, Ariz. R.S.Ct., 51(h) or 51(i), the same conduct is prohibited by SCR 3.130–8.1(b), which states that a lawyer "in connection with a disciplinary matter, shall not … knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority." Similarly, even though Kentucky's Rules of Professional Conduct do not specifically prohibit a lawyer from engaging in conduct that is prejudicial to the administration of justice like Rule 42 Ariz. R.S.Ct., 8.4(d), SCR 3.130–3.4 requires attorneys to act in fairness to opposing parties and SCR 3.130–3.5 requires attorneys to respect the impartiality and decorum of the tribunal. Thus, because Whitehead has been disciplined by the Supreme Court of Arizona and because he has failed to show adequate cause why he should not be subject to reciprocal discipline pursuant to SCR 3.435(4), this Court grants the KBA's motion and adopts their recommended discipline.

This Court notes that SCR 3.435(1) instructs Kentucky attorneys who have been disciplined in another jurisdiction to promptly inform the KBA of such disciplinary action. Upon receiving such notification, the KBA is directed to supply this Court with a copy of such disciplinary order. SCR 3.435(2). In this case, the Arizona Supreme Court suspended Whitehead in February 2005, but the KBA did not file its motion in this Court to impose reciprocal discipline until August 2009. There is nothing in the record or in the KBA's motion to explain this four year time lapse, and the KBA has not addressed the question of when Whitehead's suspension should begin in this Commonwealth—in February 2005 or January 2010. Similarly, because Whitehead has not responded to the show cause order, he has not requested that his Kentucky suspension run concurrently with his Arizona suspension.

In previous reciprocal discipline cases, this Court has entertained requests to run the reciprocal discipline concurrently with the discipline previously imposed in another jurisdiction, but has not always granted such requests. *See KBA v. Trainor,* 145 S.W.3d 839 (Ky.2004) (permitting Trainor's reciprocal discipline to run concurrently with and carry the same conditions as the probated suspension entered in Ohio); *KBA v. Marsick,* 986 S.W.2d 899 (Ky.1999) (rejecting Marsick's request that his Ohio suspension run concurrently with his reciprocal discipline in Kentucky); *KBA v. Sullivan,* 979 S.W.2d 104 (Ky.1998) (declining to grant Sullivan's request to run her reciprocal discipline concurrently with her one-year suspension in Ohio). Here, because Whitehead has made no effort to respond to this Court's show cause order and has not requested that his discipline in this state run concurrently with his prior discipline, and because running his Kentucky suspension concurrently with his Arizona suspension would result in virtually no penalty for his violation of the Rules of Professional Conduct in this Commonwealth, Whitehead's four-year suspension

---

**3.** This Court notes prior to the July 15, 2009 Amendment to the Rules of Professional Conduct, SCR 3.130–8.4(c) was numbered 8.3(c).

will begin to run from the date of the entry of this Opinion and Order.

Therefore, it is hereby ORDERED that:

1. Kenneth J. Whitehead is suspended from the practice of law in this Commonwealth for four years due to his violations of the Arizona Code of Professional Responsibility and the Kentucky Rules of Professional Conduct. Whitehead's suspension in this Commonwealth will begin to run from the date of this Opinion and Order.

2. Prior to being reinstated to practice law in this Commonwealth, Kenneth J. Whitehead must have paid $112,464.80 in restitution to his former clients as set forth in the Disciplinary Commission Report of the Supreme Court of Arizona.

3. Upon Whitehead's application for reinstatement to the practice of law in this Commonwealth, he shall only be readmitted by a conditional admission under SCR 2.042. The terms and conditions of this probationary period shall be determined at the time of reinstatement by the Character and Fitness Committee.

4. Pursuant to SCR 3.450, Kenneth J. Whitehead is directed to pay the costs associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order.

5. Pursuant to SCR 3.390, Kenneth J. Whitehead shall, within ten (10) days from the entry of this opinion and order, notify all Kentucky clients, in writing, of his inability to represent them; notify, in writing, all Kentucky courts in which he has matters pending of his suspension from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent pos-

sible, Whitehead shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: January 21, 2010.

/s/ John D. Minton, Jr.
Chief Justice