**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Irwin Jay KATZ, Respondent.**

**No. 2010–SC–000092–KB.**

Supreme Court of Kentucky.

Aug. 26, 2010.

---

### OPINION AND ORDER

In September 2009, the Delaware Supreme Court suspended Irwin Jay Katz (KBA Member No. 37430) from the practice of law in Delaware for three months, followed by a one-year period of probation. Katz was reinstated in Delaware in January 2010, and he currently remains on probation subject to conditions imposed by the Delaware court.[1] On April 22, 2010, this Court issued an order directing Katz to show cause why he should not be subjected to reciprocal discipline in Kentucky under Supreme Court Rule (SCR) 3.435(4). Katz has not responded to this Court's show cause order, and he has failed to offer any legal reason why we should not impose identical reciprocal discipline. So

we now impose such identical reciprocal discipline as required by SCR 3.435(4).

The KBA asserts without contradiction that the Delaware Supreme Court's decision to sanction Katz was based upon the following facts:

In 2005 and 2006[, Katz] worked as counsel for Robert G. Lubach, during which time he prepared loan documents for Mr. Lubach as a lender.... In April 2005[,] Arthur Cross ("Cross") and John Smith retained [Katz] to help with their debt problems and to assist with estate problems. In October 2006, [Katz] referred Cross to Lubach to obtain a loan. In 2005 and 2006, [Katz] drafted the documents and performed closings for four (4) loans from Lubach to Cross. In each case, [Katz] failed to provide a disclosure and obtain informed consent from Cross. [Katz] prepared each of the four notes, and each contained payment provisions that violated federal law. [Katz] also failed to inform Cross of the right to rescind the loan....

In 2006, [Katz] was contacted by other individuals seeking loans from Lubach. Lubach had referred them to [Katz]. [Katz] prepared the documents and performed closings for three (3) loans for Timothy and Michelle Brewer, Lance and Maria Bruce[,] and Ms. Karlo Bazemore. In each case, [Katz] took attorneys' fees from the borrower, he failed to provide any disclosure [or] obtain informed consent before the closing, the notes prepared by [Katz] contained payment provisions in violation [of] federal law, and [Katz] failed to inform each of

---

1. These conditions include attending a Continuing Legal Education (CLE) program on ethics, cooperation with a practice monitor, submission of written reports by Katz and the practice monitor to Delaware disciplinary counsel, cooperation in the expedited handling of any further disciplinary matters, as-

sisting a court-appointed receiver for his law practice, making arrangements to protect clients' interests, paying costs for the disciplinary proceeding, and cooperation with disciplinary counsel in complying with the Delaware Supreme Court Opinion.

the borrowers of their right to rescind the loan. . . .

The Delaware Supreme Court found that Katz's inclusion of payment terms violating federal law in each of the notes was an unintentional act apparently caused by Katz's failure to research applicable law about consumer loans and his improper use of documents he had previously used for commercial loans. It noted that Katz had earned two advanced degrees in tax law, had prior experience teaching in law school, and had seven years of private practice in Kentucky; and, thus, it considered this "substantial experience" as an aggravating factor following ABA standards utilized by the Delaware Supreme Court.

The Delaware Supreme Court concluded that Katz had violated the following provisions of the Delaware Rules of Professional Conduct: Rule 1.1, which requires that a "lawyer shall provide competent representation to a client" (akin to Kentucky SCR 3.130–1.1); Rule 1.4(b), which requires that a "lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation" (akin to SCR 3.130–1.4(b)); Rule 1.7(a) & (b) requiring that a lawyer not represent clients with conflicting interests unless informed consent is given (akin to SCR 3.130–1.7); and Rule 1.16(a), which prohibits representation of a client in violation of the Rules of Professional Conduct or other law—specifically, in violation of Delaware interpretative guidelines regarding residential real estate transactions. Although Kentucky's Supreme Court rules do not contain a similar guideline specifically regarding real estate transactions, the KBA submits—and Katz has not contested— that Katz's violation of conflict of interest rules also resulted in violation of SCR 1.30–1.16(a).

The Delaware Supreme Court rejected as inadequate the recommendation of the Delaware Board on Professional Responsibility that Katz be subjected to a public reprimand with probation for one year. Instead, it suspended Katz from practicing for three months and placed him on probation for a period of one year.

■ Under SCR 3.435(4), Katz is subject to identical discipline within this Commonwealth unless he "proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that [the] misconduct established warrants substantially different discipline in this State." We further note that under SCR 3.435(4)(c): "In all other respects, a final adjudication in another jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this State."

■ Because Katz has failed to show cause why identical reciprocal discipline should not be imposed, this Court must address whether the identical reciprocal discipline shall be imposed as of the date of this Court's order or whether the identical reciprocal discipline shall be imposed retroactively as of the date of the Delaware Supreme Court's order. While recognizing that this Court has discretion to determine whether to impose reciprocal discipline retroactively, the KBA draws our attention to the fact that Katz failed to report to the KBA his discipline, in violation of SCR 3.435(1). Instead, the KBA learned of Katz's Delaware discipline from the Delaware Office of Disciplinary Counsel. And Katz has ignored our show cause order.

Under the facts of this case, we believe that Katz's misconduct, as well as his failure to report independently the Delaware disciplinary proceedings to the KBA, war-

rants our imposing a suspension that begins with the date of this order.

Pursuant to SCR 3.435, the Court ORDERS:

1) Irwin Jay Katz is suspended from the practice of law in the Commonwealth of Kentucky for three months from the date of entry of this Opinion and Order. At such time as his suspension expires and he is reinstated to the practice of law in Kentucky, Katz shall be on probation for one year, with the understanding that any further violations of our Supreme Court Rules within that time period may be sufficient for reconsideration and escalation of the sanctions imposed by this order;

2) Katz shall notify all courts in which he has matters pending and all clients for whom he is actively involved in litigation or similar legal matters of his suspension, as required by SCR 3.390; and

3) In accordance with SCR 3.450, Katz shall pay all costs associated with these disciplinary proceedings against him, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 26, 2010.

/s/ John D. Minton, Jr.
 Chief Justice