TO BE PUBLISHED

# Supreme Court of Kentucky

## 2013-SC-000792-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                              IN SUPREME COURT


WILLIAM PERRY MCCALL                                    RESPONDENT
KBA Member No. 82777


## OPINION AND ORDER

The Kentucky Bar Association (KBA) petitions this Court to impose reciprocal discipline on William Perry McCall (McCall) pursuant to Supreme Court Rule (SCR) 3.435. McCall was admitted to practice law in the Commonwealth of Kentucky on October 26, 1988. His bar roster address is 332 Spring Street, Jeffersonville, Indiana 47130, and his KBA number is 82777.

On October 24, 2013, the Indiana Supreme Court entered an order approving a Statement of Circumstances and Conditional Agreement for Discipline (the Agreement) between McCall and the Indiana Supreme Court Disciplinary Commission (the Commission). Pursuant to the agreement, McCall admitted that he had violated Indiana Professional Conduct Rule 8.4(b) by receiving two class A misdemeanor convictions - public intoxication on July 1, 2011, and "operating while intoxicated endangering a person" on March 23, 2012. The Indiana ethical rule violated by McCall is substantially comparable

to the Kentucky Rules of Professional Conduct, SCR 3.130-8.4(b) (committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness).

In recommending discipline, the parties to the Agreement cited the following mitigating factors: McCall had no disciplinary history; McCall cooperated with the Commission; and McCall had been successfully involved with the Indiana Judges and Lawyers Assistance Program (JLAP) since early 2012.

The Indiana Supreme Court suspended McCall from the practice of law for ninety (90) days beginning on October 24, 2013. However, the Court stayed that suspension "subject to completion of at least 24 months of probation with JLAP monitoring." Furthermore the Court imposed the following conditions on McCall's probation:

> (1)     [McCall] shall have no violations of the JLAP agreement, the law, or the Rules of Professional Conduct during his probation[;]
>
> (2)     During his probation, [McCall] shall refrain totally from the use of alcohol and mind-altering substances[; and]
>
> (3)     If [McCall] violates his probation, the stay of his suspension may be vacated and he may be required to actively serve the suspension with or without automatic reinstatement. If [McCall] is suspended without automatic reinstatement, [McCall] may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Finally, the Court stated that McCall's "probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1)."

On February 20, 2014, we *sua sponte* entered an order requiring McCall to show cause why we should not impose reciprocal discipline consistent with that imposed by the Supreme Court of Indiana. McCall has not responded to that order.[1]

Pursuant to SCR 3.3435(4), McCall is subject to identical reciprocal discipline in the Commonwealth of Kentucky unless he proves by substantial evidence: (a) a lack of jurisdiction or fraud in the Indiana disciplinary action; or (b) that his misconduct warrants substantially different discipline in this Commonwealth. We have no grounds to find a lack of jurisdiction or fraud in the Indiana disciplinary action. Furthermore, we do not, at this time, find any reason to impose substantially different discipline in Kentucky. However, pursuant to SCR 3.345(3), "[i]n the event the discipline imposed in [another] jurisdiction has been stayed there, any reciprocal discipline imposed in this State shall be deferred until such stay expires." Because the disciplinary action in Indiana has been stayed pending the satisfactory completion of conditions imposed by that state's Supreme Court, this matter must be deferred pending McCall's satisfactory completion of those conditions. *See Kentucky Bar Ass'n v. Trainor,* 145 S.W.3d 839, 840 (Ky. 2004).

ACCORDINGLY, IT IS ORDERED THAT:

This matter is hereby placed in abeyance pending McCall's satisfactory completion of the conditions imposed by the Supreme Court of Indiana.

---

[1] McCall's response was due on March 12, 2014.

3

All sitting.  All concur.

ENTERED:  April 17, 2014.

_____
CHIEF JUSTICE