FINAL
TO BE PUBLISHED
DATE 10/6/20
Attesters on

# Supreme Court of Kentucky

## 2020-SC-0002-KB

KENTUCKY BAR ASSOCIATION                                MOVANT


V.                          IN SUPREME COURT


VIRGINIA MARIA RIGGS-HORTON                          RESPONDENT


### OPINION AND ORDER

On January 2, 2020, the Kentucky Bar Association (KBA) moved this Court to enter an order directing Virginia Maria Riggs-Horton, whose KBA member number is 92343 and whose bar roster address is 106 Memorial Parkway, Bellevue, Kentucky 41073, to show cause why she should not be subject to reciprocal discipline after being suspended from the practice of law for six months by the Supreme Court of Ohio, with said suspension stayed conditioned on Riggs-Horton refraining from engaging in any further misconduct. The KBA also requested this Court enter an order imposing identical discipline were we to find such cause lacking.

On January 7, 2020, pursuant to SCR 3.435(2)(b), this Court granted the KBA's request and ordered Riggs-Horton to show cause why she should not be subject to reciprocal discipline. Riggs-Horton did not file a timely response. Accordingly, pursuant to SCR 3.435(4), this Court grants the KBA's motion and

orders that Riggs-Horton be suspended from the practice of law in this Commonwealth for a period of six months, with such suspension stayed on condition Riggs-Horton engage in no further misconduct.

Riggs-Horton was admitted to practice law in this Commonwealth on May 1, 2008. On November 20, 2019, the Supreme Court of Ohio suspended Riggs-Horton for six months for violating Ohio Rule of Professional Conduct 8.4(b) (prohibiting a lawyer from committing an act that reflects adversely on the lawyer's honesty or trustworthiness). Riggs-Horton admitted to passing $11.00 in currency to Gary Chandler while he was incarcerated in the Campbell County Jail. Riggs-Horton was in a romantic and professional relationship with Chandler. It was during her first professional visit to the jail that the misconduct occurred. Riggs-Horton was subsequently convicted in Campbell County, Kentucky, for promoting contraband in the second degree in violation of KRS 520.060(1)(a). It was that conviction which formed the basis for Ohio's disciplinary proceedings. Riggs-Horton self-reported her conduct and her disciplinary case in Kentucky has been in abeyance pending resolution of the Ohio proceedings.

If an attorney licensed to practice law in this Commonwealth receives discipline in another jurisdiction, SCR 3.435(4) requires this Court to impose the identical discipline unless Respondent proves by substantial evidence:

> (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or
>
> (b) that misconduct established warrants substantially different discipline in this State.

2

This Court is required to recognize a final adjudication of misconduct in another jurisdiction establishes conclusively the same misconduct for purposes of a disciplinary proceeding in Kentucky. SCR 3.435(4)(c). Ohio's Rule 8.4(b) provides it is professional misconduct for a lawyer to "commit an *illegal* act that reflects adversely on the lawyer's honesty or trustworthiness[,]" (emphasis in original). Similarly, Kentucky's SCR 3.130(8.4)(b) provides it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]"

Because Riggs-Horton has been disciplined by the Supreme Court of Ohio, because her actions are also governed by the Rules of Professional Conduct in this Commonwealth, and because she has not shown cause why she should not receive reciprocal discipline, reciprocal discipline is warranted. Pursuant to SCR 3.435(4), this Court grants the KBA's motion and adopts the recommended discipline of a six-month suspension from the practice of law, with the suspension stayed on condition she refrain from further misconduct.

We note the KBA has not addressed the question of when the probated suspension should begin in this Commonwealth, and, by not responding to the show cause order, Riggs-Horton has not requested her Kentucky suspension be imposed retroactively to run concurrently with her Ohio suspension. Any decision regarding retroactivity of an attorney's suspension lies within the sound discretion of this Court. *Kentucky Bar Association v. Katz*, 317 S.W.3d 592, 594 (Ky. 2010). However, imposing retroactive discipline is unwarranted when doing so would "unduly depreciate the significance of our own

3

disciplinary actions[,]" and "would result in virtually no penalty at all for Respondent's violation of the rules of this Court." *Kentucky Bar Association v. Marsick*, 986 S.W.2d 899, 899-900 (Ky. 1999). Here, because the Ohio probated suspension has run its course, running the Kentucky probated suspension concurrently with the Ohio discipline would result in "virtually no penalty" for her violation of the Rules of Professional Conduct. Therefore, Riggs-Horton's probated suspension will begin to run from the date of entry of this Opinion and Order.

Therefore, it is hereby ORDERED:

1. Pursuant to SCR 3.435(4), Virginia Maria Riggs-Horton is suspended from the practice of law in this Commonwealth for a period of six months from the date of entry of this Opinion and Order for her violation of the Ohio Rules of Professional Conduct and the Kentucky Rules of Professional Conduct.

2. The foregoing suspension is stayed on condition Riggs-Horton refrain from further misconduct. Should she fail to comply with the condition of the stay, the stay shall be lifted, and Riggs-Horton shall serve the full six-month suspension.

3. Pursuant to SCR 3.450, Riggs-Horton is directed to pay the costs associated with this proceeding, if any, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 24, 2020.

CHIEF JUSTICE